Giron-Ardon v. Garland

BIA
A206 635 986/987

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of January, two thousand twenty-two.

PRESENT:
> JON O. NEWMAN,
> JOSÉ A. CABRANES,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

ANDRIANA LISSETTE GIRON-ARDON,
AKA ADRIANA LISETTE GIRON-ARDON,
IVANA MARIA DE JESUS GIRON-
ARDON,
> *Petitioners,*

> v.                                                    19-3957
>                                                       NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONERS:               Stephen K. Tills, Esq., Orchard
                               Park, NY.

**FOR RESPONDENT:**                    Jeffrey Bossert Clark, Acting
                                       Assistant Attorney General; Paul
                                       Fiorino, Senior Litigation
                                       Counsel; Gregory A. Pennington,
                                       Jr., Trial Attorney, Office of
                                       Immigration Litigation, United
                                       States Department of Justice,
                                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Andriana Lissette Giron-Ardon and Ivana Maria de Jesus Giron-Ardon, natives and citizens of Guatemala, seek review of a 2019 decision of the BIA denying their motion to reopen and to terminate removal proceedings. *In re Andriana Lissette Giron-Ardon, Ivana Maria de Jesus Giron-Ardon,* Nos. A 206 635 986/987 (B.I.A. Oct. 31, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

The BIA did not abuse its discretion by declining to reconsider or reopen. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69, 173 (2d Cir. 2008) (reviewing motions to reconsider and reopen for abuse of discretion). Petitioners argued that, under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), the immigration court lacked jurisdiction over their removal proceedings because their notices to appear ("NTAs")

2

did not include the date and time of the initial hearing. In *Pereira*, the Supreme Court held that an NTA that fails to designate the time or place of an initial hearing in removal proceedings does not trigger the stop-time rule ending the noncitizen's period of continuous presence for purposes of cancellation of removal. 138 S. Ct. at 2110; *see also Niz-Chavez v. Garland*, 141 S. Ct. 1474, 1479–86 (2021).

Petitioners argue that *Pereira* also renders such an NTA as they received inadequate to vest jurisdiction in the immigration court. This argument is foreclosed by *Banegas Gomez v. Barr*, 922 F.3d 101 (2d Cir. 2019), in which our court held that an NTA that omits the date and time of the hearing is adequate to vest jurisdiction in the immigration court if the noncitizen was sent a subsequent hearing notice with the missing information. *Id.* at 112. Petitioners received hearing notices and appeared at their hearings. The BIA therefore did not err, let alone abuse its discretion, by determining that the immigration court had jurisdiction and denying Petitioners' motion to reopen and to terminate removal proceedings.

3

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

4